UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>v.<br><br>JOSEPH PROKOP, ALAN L. RODRIGUES and WESTON J. COOLIDGE,<br><br>Defendants. | Case No. 2:09-cr-00022-MMD-GWF<br><br>ORDER |

## I. RELEVANT BACKGROUND

The Court has held several hearings involving the question of preservation of certain IRS tax files of NADN customers. (*See* Minute Orders, dkt. nos. 179, 181, 185, 191.) The government first raised this issue by way of an objection to the Magistrate Judge's Order directing the government to preserve all IRS physical tax files. During the course of these hearings, the government agreed to preserve and produce audited tax files of NADN customers who claimed the Tax Break 2000 credit, whether the audit was conducted before or after 2005.[1] The question of whether the government has a duty to preserve from routine destruction tax files of NADN customers who claimed the Tax Break 2000 credit but were not audited by the IRS ("Unaudited Files") remains to be

---

[1] This Court previously found that these files are material, but ordered the government to produce audited tax files post-2005 because of the burden of producing pre-2004 audited tax files.

resolved.² Following additional briefings and hearings, the Court provided a tentative ruling, finding that the government does not have a duty to preserve the Unaudited Files.

After the government complied with the Court's order to submit 30 sample Unaudited Files, the Court granted the parties the opportunity to supplement their briefs to address the materiality of the Unaudited Files and the burden of preservation and production. Defendants submitted their supplemental brief under seal. The government continues to object to Defendants' briefing of the issue of materiality ex parte. With respect to the burden of preservation, the prosecution team now informs the Court that it believes it has "the physical possession of all unaudited tax files that could be potentially responsive to the defenses' discovery request" and it estimates 80 files, including the 30 already filed. (Dkt. no. 240 at 3:13-6 and Sect. B.) The government estimates that it would require about 12.5 to 20.8 hours to find and review the remaining 50 files in preparation for production.

Having reviewed the sample Unaudited Tax Files submitted by the government and after further evaluation and review of the relevant briefs and arguments presented at the previous hearings and the parties' supplemental briefs, the Court confirms its tentative ruling. The Unaudited Files are not material and to the extent any Unaudited Files have not been located, the IRS need not cease its routine destruction of these files.

## II.   DISCUSSION

The government does not have "an undifferentiated and absolute duty to retain and to preserve all material that might be of conceivable evidentiary significance in a particular prosecution." *Arizona v. Youngblood*, 488 U.S. 51, 58 (1988). However, "the government must always act in good faith to preserve relevant and material evidence,

---

²The parties dispute whether Defendants have raised the issue of production of the Unaudited Files. The government contends Defendants first raise this issue at the December 4, 2012, hearing. (Dkt. no. 186.) Defendants contend they have raised this issue at least in previous discussions with counsel for the government. Resolution of this dispute is irrelevant here. Moreover, what is clear to the Court is that this issue was not raised or considered by the Court in issuing its Order in June 2012.

particularly if that evidence has apparent exculpatory value and where a defendant would be unable to obtain comparable evidence by other reasonably available means[.]" *United States v. Reed*, 575 F.3d 900, 917, n.13 (9th Cir. 2009) (quotation marks omitted) (*citing California v. Trombetta*, 467 U.S. 479, 489 (1984); *United States v. Artero*, 121 F.3d 1256, 1259-60 (9th Cir. 1997)). Material evidence is evidence "that might be expected to play a significant role in the suspect's defense." *Trombetta*, 467 U.S. at 488. "To meet this standard of constitutional materiality, evidence must both possess an exculpatory value that was apparent before the evidence was destroyed, and be of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means." *Id.* at 490 (citation omitted).

Defendants argue that there are several defenses for which the Unaudited Files could be "potentially helpful." The Court has considered these various defenses and disagrees that they demonstrate that the Unaudited Files are relevant and material. The Court has evaluated each defense raised in Defendants' sealed briefs (dkt. nos. 190 and 239), but will address them in general terms in this Order to protect from disclosure Defendants' trial strategies.[3] In general, several of these defenses do not depend on the actual content of the Unaudited Files and it is not clear that these files would contain any relevant, let alone material, information. Some of these defenses are premised on the number of tax files that were not selected for audit versus the number that were selected for audit and the existence of unaudited tax files where the Tax Break 2000 product was used, but these types of data do not depend on the content of each Unaudited Tax File. There does not appear to be a dispute that the IRS did not audit files of filers who claimed credits and deductions associated with the Tax Break 2000 product. For the defenses that do depend on the content of a particular Unaudited File, Defendants have failed to demonstrate that the Unaudited Files contain the information which they claim to

---

[3]The Court will not grant the government's request for these briefs to be unsealed at this time because the Court can assess Defendants' arguments without the government's response. These briefs will be unsealed at the start of trial.

be potentially helpful. For these defenses, the gist of the argument is the Unaudited Files may potentially provide information relating to the identity of certain customers and of certain tax preparers and such information may then allow the defense to conduct further inquiry that may lead to "potentially helpful" evidence. The speculative nature of this information further underscores their lack of relevance and materiality. Indeed, based on the Court's review of the sample Unaudited Files, these files are unremarkable other than the credits claimed and do not appear to contain the type of information which Defendants believe to be found in these files other than the identity of the tax payers and the tax preparers where preparers were involved. Of the files reviewed, only three involved NADN as the preparer. One defense raised in Defendants' supplemental brief (dkt. no. 239) focuses on the conduct of other tax professionals. However, the charged offenses — conspiracy to commit tax fraud, aiding in the preparation of false tax turns and mail fraud — involve Defendants' conduct. The fact that other tax professionals used the product may go to the success of the scheme, but is immaterial as a defense to these charges. Finally, the same information that may or may not be contained in the Unaudited Files may be found in the audited tax files that the government has produced.[4] Defendants have not demonstrated that the information contained in the Unaudited Files are of such a nature that they would be unable to obtain comparable evidence by other reasonably available means (i.e., the audited tax files, Defendants' files or documents obtained in discovery).

The parties offer counter arguments as to why the filing of the tax shelter registration form may or may not be material. The government argues that the issuance of the tax shelter registration form, the filing of the form with a taxpayer's return and the IRS's decision not to audit that return are of no import. Defendant argues that approval of the tax shelter form was significant. The Court need not resolve this issue because

---

[4]The Court is satisfied that the government has demonstrated that the IRS may have a number of reasons for selecting certain tax files for audit.

4

there is no dispute that NADN customers submitted the tax shelter form with their returns and some returns were audited and some were not. Thus, the filing of the tax shelter form with the tax returns and the fact that some of these returns were not audited can be established without accessing the actual Unaudited Files.

## III. CONCLUSION

IT IS THEREFORE ORDERED that the government's Objections to Magistrate Judge's Discovery Order (dkt. no. 163) is granted in part and denied in part. The government is ordered to preserve *audited* tax files of NADN customers who used the Tax Break 2000 product. The government is not required to ensure that the IRS halt its routine destruction of tax files to preserve *unaudited* tax files of NADN customers who used the Tax Break 2000 product.

DATED THIS 28th day of May 2013.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE