UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>v.<br><br>JOSEPH PROKOP, ALAN L. RODRIGUES and WESTON J. COOLIDGE,<br><br>Defendants. | Case No. 2:09-cr-00022-MMD-GWF<br><br>ORDER |

Before the Court is Defendant Weston Coolidge's Motion to Reconsider Coolidge's Motion to Sever. (Dkt. no.375.) For the reasons discussed below, the Motion is denied.

The background facts are recited in the Court's previous Orders. Pertinent to Coolidge's Motion is the Court's Order denying his previous motion to sever (dkt. no. 331) and the February 7, 2014, deadline for filing pre-trial motions (dkt. no. 264).

Coolidge's Motion is untimely. Coolidge had fourteen (14) days, or until April 3, 2014, to object or seek reconsideration of the Magistrate Judge's Order denying severance. *See* LR IB 3-1. Coolidge waited until two (2) court days before trial to seek reconsideration.

Coolidge contends his Motion was necessitated by Defendant Joseph Prokop's extensive witness and exhibit lists and estimated length of trial that rivals the government's estimate of three (3) weeks. Setting aside the untimely filing of the Motion, however, the Court finds that the recent disclosures by Prokop do not support Coolidge's assertion that Coolidge and Prokop have mutually antagonistic defenses.

Fed. R. Crim. P. 14(a) permits the court to order separate trials or "provide any other relief that justice requires" if joinder "appears to prejudice a defendant or the government." "Rule 14 does not require severance even if prejudice is shown; rather, it leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion." *Zafiro v. United States*, 506 U.S. 534, 538-39 (1993). Moreover, "[m]utually antagonistic defenses are not prejudicial *per se.*" *Id.* at 538–39. Nor is "the desire of one defendant to exculpate himself by inculpating a defendant" sufficient to require severance. *United States v. Johnson*, 297 F.3d 845, 858 (9th Cir. 2002) (*quoting United States v. Throckmorton,* 87 F.3d 1069, 1072 (9th Cir.1996)). In seeking severance under a mutually antagonistic defense, the defendant must demonstrate "that the core of the co-defendant's defense is so irreconcilable with the core of his own defense that the acceptance of the co-defendant's theory by the jury precludes acquittal of the defendant." *Johnson*, 297 F.3d at 858 (citation omitted).

Coolidge relies on a number of exhibits on Prokop's exhibit list to argue that Prokop is attempting to defeat Coolidge's defense that he had a good faith belief he was engaged in legitimate transactions. Coolidge also asserts that Prokop is seeking to introduce evidence that Coolidge has moved to exclude. First and foremost, the exhibits that are identified in Coolidge's Motion fall within the categories of evidence that the Court has determined to be inadmissible. In fact, Coolidge moved to exclude these categories of evidence and Prokop joined in Coolidge's request. (Dkt. no. 374.) For example, Coolidge points to Prokop Exhibit No. 3145, which contains evidence relating to alleged removal of records from NADN by Coolidge in May 2004. The Court has found that this evidence, which falls within category 4 of the government's supplemental 404(b) notice, is inadmissible. (Dkt. no. 374 at 8.) Prokop marked exhibits relating to the Federal Trade Commission's ("FTC") action against NADN and the IRS civil enforcement action against NADN, but the Court determined that documents relating to the FTC lawsuit are not admisiblel, though the fact of the FTC lawsuit may be introduced to provide background. (*Id.* at 7.) As for the IRS civil enforcement action, the government withdrew

the category of evidence (category 11) relating to that action in response to Defendants' motion to exclude. (Dkt. no. 349 at 14.) Prokop cannot seek to introduce evidence that he previously moved to exclude.

Coolidge also argues that some of Prokop's witnesses may be called to provide expert opinion testimony, which would defeat Coolidge's efforts to oppose the government's proffered expert testimony. The Court has already determined that the government may offer the expert testimony of Revenue Agent Evelyn Kay Fall as to the requirements of the Internal Revenue Code and which claimed deductions were disallowed. (Dkt. no. 374 at 4.) Coolidge does not address how rebuttal expert testimony by Prokop's anticipated witnesses may injure Coolidge's defenses. Indeed, while rebuttal expert testimony may not help, the Court cannot contemplate how such testimony may harm Coolidge's defense that he acted in good faith.

Finally, Coolidge argues that the sheer volume of witnesses and expert testimony that Prokop may seek to introduce will inhibit the jury's ability to compartmentalize the evidence and the defense strategies. "In assessing the prejudice to a defendant from the 'spillover' of incriminating evidence, the primary consideration is whether the 'jury can reasonably be expected to compartmentalize the evidence as it relates to separate defendants, in view of its volume and the limited admissibility of some of the evidence.'" *United States v. Cuozzo*, 962 F.2d 945, 950 (9th Cir. 1992) (*quoting United States v. Escalante,* 637 F.2d 1197, 1201 (9th Cir. 1980)). Limiting jury instructions may cure any "spillover" evidence and render such evidence non-prejudicial even where, as here, the case may be complex. *See United States v. Johnson*, 297 F.3d 845, 856-60 (9th Cir. 2002) (affirming trial court's decisions to deny severance requests and finding that any "spillover" evidence was sufficiently addressed through limiting jury instructions during the lengthy and complex trials). Thus, while this case may be complex and the trial is expected to be of long duration, limiting jury instructions will help the jury compartmentalize the evidence, particularly since each Defendant allegedly played different roles in the alleged conspiracy.

It is therefore ordered that Defendant Coolidge's Motion to Reconsider Coolidge's Motion to Sever (dkt. no.375) is denied.

DATED THIS 15th day of April 2014.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE